UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TERRI POWELL,

      *Plaintiff*,

v.

JESSICA M. BERGERSEN, et al.,

      *Defendants*.

Civil Action No. 1:25-cv-02511 (UNA)

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of Plaintiff's Complaint, ECF No. 1 ("Compl."), and Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. At the outset, the Court notes that Plaintiff has provided only a P.O. Box address, in contravention of D.C. LCvR 5.1(c)(1). However, she has filed a Motion, ECF No. 4, seeking permission to use that P.O. Box address, which the Court grants for good cause shown. The Court also grants the IFP application. However, for the reasons discussed below, the Court dismisses the Complaint, and this matter, without prejudice.

Plaintiff, a resident of the District, sues four individuals, all residents of Maryland, for a "fraudulent scam to acquire money." *See* Compl. at 2–4. More specifically, she contends that Defendants "presented a scam of a building at a new address to the Plaintiff in order to acquire a $25,000 loan which should have been paid back to the Plaintiff within a year to include 10% of the loan for interest." *Id.* at 4. She contends that she was owed the return of her $25,000, plus 10% interest—$2,500, by July 22, 2025, but Defendants have failed to reimburse her. *See id*. at 4–5. She demands the $27,500, plus 1% daily compound interest dated from July 22, and unspecified damages for pain and suffering. *See id*. at 5.

1

*Pro se* litigants must comply with the Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff's Complaint fails to provide Defendants or this Court with adequate notice of Plaintiff's intended claims. Although it provides *some* information giving rise to a potential breach of contract or fraud claim, there are no supporting details; for example (aside from basic financials) the terms or nature of any agreement, when or where it was executed, the specific roles of *any* of the parties, any information regarding the "building" and "address" at issue, including its purpose or location, or how Plaintiff has endured pain and suffering, for which damages are generally unrecoverable in these circumstances. *See Bond v. Dep't of Justice*, 828 F. Supp. 2d 60, 80–81 (D.D.C. 2011) (citing *Asuncion v. Columbia Hosp. for Women*, 514 A.2d 1187, 1190 (D.C. 1986)), *aff'd*, No. 12–5296, 2013 WL 1187396 (D.C. Cir. Mar. 14, 2013) (per curiam). As here, "threadbare recitals" that are "supported by mere conclusory statements" are insufficient to state a claim. *Iqbal,* 556 U.S. at 678. Although a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted), it still "must plead 'factual matter'

that permits the court to infer 'more than the mere possibility of [defendant's] misconduct,'" *Atherton v. D.C. Off. of the Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678–79); *see Aktieselskabet AF 21. Nov.2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) ("We have never accepted 'legal conclusions cast in the form of factual allegations' because a complaint needs some information about the circumstances giving rise to the claims." (quoting *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994))).

Plaintiff has also failed to establish this Court's subject matter jurisdiction. *See generally* 28 U.S.C. §§ 1331 and 1332. The subject-matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented, *id*. § 1331, or the parties are of diverse citizenship and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs," *id.* § 1332(a). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff purports to invoke federal question jurisdiction, *see* Compl. at 3, but she has not stated a federal question. *See* 28 U.S.C. § 1331. She neither cites to any federal authority, nor can the Court otherwise discern a federal question from the allegations as presented. Plaintiff has not attempted to establish diversity jurisdiction, *see* 28 U.S.C. § 1332, nor could her Complaint establish it. Although it appears that the parties may be of diverse citizenship, Plaintiff's claimed damages, even with the alleged interest and compound interest included, falls short of $75,000.

For these reasons, this case is dismissed without prejudice. An Order consistent with this Memorandum Opinion is issued separately.

DATE: November 13, 2025

CARL J. NICHOLS
United States District Judge

4